IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EVANSTON INSURANCE COMPANY;          *
SUSSEX INSURANCE COMPANY f/k/a
COMPANION SPECIALTY INSURANCE        *
COMPANY; UNITED SPECIALTY
INSURANCE COMPANY; and               *
PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY           *

        Plaintiffs          *

        vs.                 *     CIVIL ACTION NO. MJG-15-3419

DAN RYAN BUILDERS, INC.              *

        Defendant           *

*        *        *        *        *        *        *        *        *

MEMORANDUM AND ORDER RE: DISMISSAL

The Court has before it Dan Ryan Builders, Inc.'s Motion to Dismiss [ECF No. 54] and the materials submitted relating thereto.  The Court has held a hearing and has had the benefit of the arguments of counsel.

I.    BACKGROUND

The instant action relates to coverage under commercial general liability ("CGL") policies that several insurers issued to Dan Ryan Builders, Inc. ("Dan Ryan") and certain of its subcontractors.

At all times relevant, Dan Ryan has been a residential home builder.  In a period from a time prior to September 2005

through 2010, Dan Ryan and its subcontractors built a number of homes in West Virginia in high radon[1] areas.

On October 31, 2014, two putative class actions (the "Underlying Actions")[2] were filed in the Circuit Court of Jefferson County, West Virginia, alleging that Dan Ryan and its subcontractors ("the Subs") defectively constructed the homes at issue, allowing excessive radon into the homes and thereby putting the homeowners at risk for lung cancer.

Dan Ryan and the Subs sought to have their respective insurers provide defenses and indemnity. All of the insurers have denied coverage for various reasons, including a "pollution exemption." As discussed herein, the litigation regarding coverage is now pending in overlapping litigation in the Circuit Court for Frederick County, Maryland and the District of Maryland. By the instant motion, Dan Ryan seeks, in effect, to have the litigation consolidated and proceed in the Circuit Court for Frederick County, Maryland.

---

[1]    Radon is a radioactive gas that is produced by the decay of radium in the soil, and it is a known carcinogen that can cause lung cancer. Compl. Ex. F ¶ 11-14, ECF No. 1-6.

[2]    Brian and Jane Carter, et al. v. Dan Ryan Builders, Inc., et al., Civil Action No. 14-C-379, and John and Donna Koch, et al., v. Dan Ryan Builders, Inc. et al., Civil Action No. 14-C-380.

A.   The Insurers

1.   Dan Ryan as Insured

Dan Ryan is the insured in relevant policies issued by Evanston Insurance Company ("Evanston"), Sussex Insurance Company f/k/a Companion Specialty Insurance Company ("Sussex"), United Specialty Insurance Company ("USIC"), and Pennsylvania National Mutual Casualty Insurance Company ("Penn National").

2.   The Subs as Insureds

The Subs are insureds in relevant policies issued by Erie Insurance Exchange ("Erie"), Nationwide Mutual Insurance Company/Nationwide Mutual Fire Insurance Company ("Nationwide"), and Frederick Mutual Insurance Company ("Frederick Mutual").

3.   Dan Ryan as Additional Insured

Dan Ryan is an additional insured in the relevant Subs' policies issued by Erie, Nationwide, and Frederick Mutual.

B.   The State Case

In April 2015, Erie filed "no coverage" declaratory judgment actions, later consolidated[3] in the Circuit Court for

---

[3]   The lawsuits were consolidated on November 3, 2015, under the caption Erie Insurance Exchange v. Freestate Drywall Inc., et al., 10-C-15-000991-DJ.

Frederick County, Maryland, against Dan Ryan, the Subs, and the plaintiffs in the Underlying Actions.  Nationwide and Frederick Mutual later intervened as Plaintiffs.

On September 28, 2016, Dan Ryan filed third-party complaints against Evanston, Sussex, USIC, and Penn National in the State Court Action.

At present, all concerned with the relevant insurance coverage – Dan Ryan, its insurers, the Subs and their insurers, and the plaintiffs in the Underlying Actions – are parties in the State Case.

### C.   The Federal Case

The instant federal case is a "no coverage"[4] declaratory judgment action filed by Evanston against Dan Ryan invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332(a).  When filed, there was complete diversity between Plaintiff Evanston[5] and Defendant Dan Ryan[6].

There ensued developments that present the jurisdictional issue depicted in the instant motion as set forth in the following chronology.

---

[4]    Evanston issued five CGL policies to Dan Ryan spanning the period October 24, 2005 to October 24, 2010.

[5]    An Illinois corporation.

[6]    Then, a Maryland corporation.

| 12/17/15 | Dan Ryan answered and counterclaimed. |
| 12/31/15 | Dan Ryan converted from a Maryland corporation to Dan Ryan Builders West Virginia, LLC, a Maryland limited liability company.  Yeager Affidavit ¶ 4, Ex. 2, ECF No. 56. |
| 12/31/15 | Dan Ryan's parent company, DRB Enterprises, Inc., converted to DRB Enterprises, LLC, a Delaware limited liability company. |
| 1/1/16 | Sumitomo Forestry America, Inc. ("Sumitomo America") became a member of DRB Enterprises, LLC.[7] |
| 7/14/16 | Sussex (a South Carolina Corporation)[8] intervened as a Plaintiff. |
| 8/4/16 | USIC, a citizen of Delaware and Texas, intervened as a plaintiff.[9] |
| 9/12/16 | Penn National[10] (a Pennsylvania citizen) intervened as a plaintiff. |

D.   The Instant Motion

By the instant motion, Dan Ryan seeks dismissal for lack of

diversity or by abstention.[11]   Alternately, Dan Ryan contends

---

[7]   On January 1, 2016, Sumitomo Forestry Co., Ltd., a Japanese corporation, through its wholly-owned United States subsidiary, Sumitomo Forestry America, Inc. ("Sumitomo America"), acquired a 60% interest in DRB Enterprises, LLC. Yeager Affidavit ¶ 5. Sumitomo America is a Washington corporation with offices in Washington, Texas, and Maryland. Id. at ¶ 5-8.  Sumitomo America's President operates from the Texas office, and Dan Ryan avers that Texas is Sumitomo America's principal place of business. Id. at ¶ 9.

[8]   Sussex issued three CGL policies to Dan Ryan spanning the period July 31, 2010 to October 24, 2013.  One of Sussex's policies was issued to DRB Enterprises, Inc.  Sussex voluntarily dismissed DRB Enterprises, Inc. on August 18, 2016.

[9]   USIC's motion for leave to intervene filed July 29, 2016 was granted August 4, 2016.

[10]   Penn National issued one CGL policy to Dan Ryan for the period from October 24, 2004 to October 24, 2005.

that Erie, Nationwide, and Frederick Mutual (its additional insurers) must be joined to the instant action as necessary and indispensable parties, an action that would defeat diversity jurisdiction, and requests the Court dismiss under Rule[12] 19.

II.  <u>DISMISSAL STANDARD</u>

Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  <u>Biktasheva v. Red Square Sports, Inc.</u>, 366 F. Supp. 2d 289, 294 (D. Md. 2005).  It is well established that "[t]he burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982).

The court may "consider evidence outside the pleadings" in a 12(b)(1) motion to determine if it has jurisdiction over the case. <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991).  "Unless the jurisdictional facts are intertwined with the facts central to the merits of the dispute, the district court may then go beyond the allegations of the complaint and resolve the jurisdictional

---

[11]   Dan Ryan had, at least at one point, suggested that if the case were not dismissed it should be stayed pending final decision in the State Court Action. <u>See</u> Mot. 5-6, ECF No. 54.
[12]   All "Rule" references herein are to the Federal Rules of Civil Procedure.

facts in dispute by considering evidence outside the pleadings, such as affidavits." U.S. ex rel. Vuyyuru v. Jadhav, 555 F. 3d 337, 348 (4th Cir. 2009) (quoting Adams v. Bain, 697 F. 2d 1213, 1219 (4th Cir. 1982)).

"The court should grant the 12(b)(1) motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Biktasheva, 366 F. Supp. 2d at 294 (quoting Richmond, 945 F.2d at 768).

III. DISCUSSION

A. Diversity Jurisdiction

The Court's jurisdiction over the instant case is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332 has been consistently interpreted by the United States Supreme Court to require "complete diversity," meaning that "[i]n a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)(citing Strawbridge v. Curtiss, 7 U.S. 267 (1806); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 375 (1978)).

B.    The Jurisdictional Issue

    1.   As of When is Diversity Determined?

The instant motion presents an apparently novel question with conflicting reasonable positions.  The question is, as of when is diversity to be determined in a case in which, after the initial filing of the action, an additional plaintiff is added as a party?  That is, in regard to the added plaintiff, is diversity determined in regard to the defendant's and added plaintiff's citizenship at the time the case was filed although the added plaintiff was not then a party?  Or, is diversity determined in regard to the added plaintiff's and defendant's citizenship at the time the added plaintiff became a party?

In regard to the original parties to a case, the general rule is that "the jurisdiction of the court depends upon the state of things at the time of the action brought."  Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570 (2004) (quoting Mollan v. Torrance, 22 U.S. 537, 539 (1824)).  "[This time-of-filing rule] measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing . . . ."  Id. at 571.[13]  Therefore, as to Dan Ryan and Evanston, who were

---

[13]    "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.  The Fourth Circuit has stated that to support diversity jurisdiction in removed cases, "diversity

8

diverse parties at the time the case was filed, a post-filing change in the citizenship of Dan Ryan that would make it a citizen of the same state as Evanston would not oust the Court of jurisdiction.  See, e.g., Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991)("if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events"); Nationwide Mut. Ins. Co. v. Simms, 231 F. Supp. 787, 792 (D. Md. 1964) ("It is a basic and well established principle that jurisdiction must exist at the time of the filing of the complaint and is not defeated by subsequent changes in the citizenship of a party.").

The situation is different in regard to an intervenor that was not a party when the case was filed.  The Court concludes that, although the matter is not free from doubt, in the context of the instant case, the Court should determine the existence of diversity as of the date that USIC became a party.

None of the cases cited by Plaintiffs regarding the time-of-filing rule relate to intervention, but rather discuss

---

must have existed both at the time the action was originally commenced in state court and at the time of filing the petition for removal." Rowland v. Patterson, 882 F.2d 97, 99 (4th Cir. 1989)(internal citation omitted).  But when a Plaintiff files an amended complaint, diversity may be reevaluated at the time of the filing of the amended complaint. See Rockwell Intern. Corp. v. United States, 549 U.S. 457, 473-74 (2007)(noting that the withdrawal of allegations, unless they are replaced by others that establish jurisdiction, may defeat jurisdiction).

amendments, substitutions, mergers, removals, joinder, and
corporate consolidations.[14]  "Intervention is a device that
allows a person to join someone else's lawsuit." Intervention 1,
Fed. R. Civ. P. Rules and Commentary, Rule 24.  "Rule 24 does
not confer jurisdiction. So, in addition to meeting the
requirements of Rule 24, an intervenor also must show that the
court will have subject matter jurisdiction over any claims to
which it is a party." Id.  Not all intervenors assert their own
independent claims for relief.  However, in the instant action,
the plaintiff-intervenor is asserting its own rights, not the
rights of the original plaintiff.

Under such circumstances, an intervenor's complaint may be
considered to be similar to an amended complaint with a new
party or cause of action.  As explained by the Fourth Circuit in
a case where the plaintiff died and the complaint was amended to
substitute the administrator of the estate as plaintiff and
converted from a personal injury action into an action for
wrongful death:

> There is great difference, however, between
> a formal substitution of a personal

---

[14]     There appear to be no cases directly on point with the
scenario we are faced with herein.  Indeed, a change of parties
as a result of intervention under Rule 24 presents difficult
questions about whether diversity should be redetermined at the
time of the intervention.  See Jurisdiction, 7C Fed. Prac. &
Proc. Civ. § 1917 (3d ed.); The Time for Determining Diversity
Jurisdiction, 13E Fed. Prac. & Proc. Juris. § 3608 (3d ed.).

> representative to prosecute the action in
> aid of the same right asserted by his
> decedent and an amendment or supplemental
> bill which changes the nature of the right
> asserted and alters the substance of the
> action. In the latter instance, jurisdiction
> should be re-examined in the light of the
> citizenship of all of the indispensable
> parties including those introduced upon
> allowance of the new pleading.

Grady v. Irvine, 254 F.2d 224, 226 (4th Cir. 1958).

This is consistent with the Supreme Court's ruling in

Rockwell related to the time-of-filing rule: "The state of

things and the originally alleged state of things are not

synonymous . . . . when a plaintiff files a complaint in federal

court and then voluntarily amends the complaint, courts look to

the amended complaint to determine jurisdiction."  549 U.S. at

473-74.[15]  See also Kroger, 437 U.S. at 375-76 (noting that a

grant of jurisdiction involving particular parties does not

itself confer jurisdiction over additional claims by or against

different parties); Louwers v. Knight-Ridder Newspapers, Inc.,

570 F. Supp. 1211, 1212-13 (E.D. Mich. 1983)("[W]hen a complaint

is filed against a new defendant, the subject matter

jurisdiction over that defendant must be determined as of that

date and not as of the date of the filing of the original

complaint.").

---

[15]    Not a diversity case.

In determining whether an intervenor's claim has been asserted within the period of the applicable statute of limitations, the relevant date is the filing of the intervenor's motion accompanied by the proposed complaint.  Motion and Pleading, 7C Fed. Prac. & Proc. Civ. § 1914 (3d ed.)(citing Sec. & Exch. Comm'n v. Keller Bros. Sec. Co., 30 F.R.D. 532, 533 (D. Mass. 1962)).  An intervenor's timeliness does not relate back to the original action's filing date.

The Court, concluding that it should determine diversity as of the date of intervention by USIC, must determine whether at that time, USIC and Dan Ryan were diverse.

### 2.   Are Dan Ryan and USIC Nondiverse Parties?

At the time the suit was filed, Dan Ryan was a citizen of Maryland and USIC was a citizen of Delaware and Texas.  Hence, they were diverse and, had USIC then been a party, the Court would have had, and would still have, diversity jurisdiction regardless of any post-filing change in the citizenship of Dan Ryan.

On January 1, 2016, Dan Ryan had become Dan Ryan Builders West Virginia, LLC, a Maryland limited liability company.  As an LLC, Dan Ryan's citizenship is that if its members.[16]  Hence, if

---

[16]   Section 1332(c)(1) provides that a corporation "shall be

any member is a citizen of Texas, Dan Ryan would be a citizen of Texas and would not be a diverse party vis-à-vis USIC, a Texas citizen.

The Court finds that the evidence of record establishes that as of January 1, 2016 Dan Ryan became a citizen of Texas and that no valid purpose would be served by discovery proceedings related to the matter.

A business entity resides at its "principle place of business," which "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010). The Members Schedule of the Limited Liability Company Agreement of DRB Enterprises, LLC, ECF No. 56-3, attached to Paul Yeager's Affidavit shows that the members of DRB Enterprises, LLC are RyCrew, Inc. of Frederick, Maryland and Sumitomo Forestry America, Inc. of Southlake, Texas.

Further, the list of Sumitomo America's Directors and Officers, ECF No. 56-4, indicates that Atsushi Iwasaki is the

---

deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332." Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004). "It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members." Id.

Director and President with a primary office location in Dallas, Texas, and he is the main Sumitomo America representative in the United States.  An additional Director and Vice President is also located in Dallas, Texas, and there are only two other Directors and Vice Presidents, one in Frederick, Maryland, and one in Seattle, Washington.  The list of staff in locations, ECF 56-5, indicates that there are ten in Dallas compared to four in Seattle and two in Frederick, and the staff in Dallas is at a more senior level, including its President and two General Managers.

Additionally, in Dan Ryan's Second Amended Disclosure of Corporate Interest, ECF No. 60, citizenship of Sumitomo America is stated to be Washington and Texas.

The Court concludes that, at the time USIC became a party, Dan Ryan was a citizen of Texas[17] and, therefore not a diverse party vis-à-vis USIC.

C.   <u>Resolution of Jurisdictional Issue</u>

As discussed herein, the Court concludes – albeit recognizing that its decision is subject to reasonable debate – that the case should be dismissed for lack of jurisdiction.

---

[17]   As well as Maryland and Washington.

The Court notes that were it to decline dismissal, the case would be proceeding under a lingering cloud of jurisdictional uncertainty that could result in rendering the proceedings a nullity.  Such a circumstance renders appropriate the Fourth Circuit's statement that "[a] court is to presume . . . that a case lies <u>outside</u> its limited jurisdiction unless and until jurisdiction has been shown to be proper."  United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)).

Accordingly, the Court shall dismiss this action so that the parties to the instant case and all other concerned parties may proceed to resolution of the issue in the State Action.


D.    Abstention

The instant action is brought under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), which provides that district courts "may declare" the rights of interested parties.  "This permissive language has long been interpreted to provide discretionary authority to district courts to hear declaratory judgment cases."  United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998).

Here, even if the Court were to decline dismissal on jurisdictional grounds, it would exercise its discretion to abstain from exercising jurisdiction.

The Fourth Circuit has provided guidance in the exercise of declaratory judgment discretion: "a declaratory judgment is appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Id. (citations omitted). Further, "whenever a parallel proceeding is pending in state court, district courts must also take into account considerations of federalism, efficiency, and comity." Id. (citations omitted).  Indeed, a district court's discretion "is especially crucial when, as here, a parallel or related proceeding is pending in state court." New Wellington Fin. Corp. v. Flagship Resort Develop. Corp., 416 F.3d 290, 297 (4th Cir. 2005).

Four factors have been articulated for district courts to consider in this context:

> (1) whether the state has a strong interest in having the issues decided in its courts;
>
> (2) whether the state courts could resolve the issues more efficiently than the federal courts;

> (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and
>
> (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

Kapiloff, 155 F.3d at 493-94.

First, this case involves interpretation of insurance contracts in light of Maryland law, and the resolution of the issues presented as to duty to defend and coverage, turn on some novel issues of Maryland law.  There is certainly a State interest in resolving such unsettled issues in its own courts.

Second, the State Action has all the interested parties joined, and is efficiently proceeding pursuant to a scheduling order.  The instant action has only a subset of the interested parties and cannot join all the interested parties due to lack of diversity.  Proceeding in this Court would likely result in duplicative litigation.  Additionally, the Fourth Circuit has stated that "[i]n general, where two parallel suits are pending in state and federal court, the first suit should have priority, absent the showing of balance of convenience in favor of the second action."  VRCompliance LLC v. HomeAway, Inc., 715 F.3d 570, 574 (4th Cir. 2013)(citations omitted).  Here, the State Court Action was filed first.  Thus it appears that the State

court is in a better position to resolve efficiently the issues in controversy.

Third, as in <u>Kapiloff</u>, "since both actions raise[] the same core issues of law and fact, and both actions aim[] at determining the rights of the parties under the insurance policy, potential entanglement between the state and federal courts [i]s a genuine possibility."  155 F.3d at 494.

Fourth, while the Court finds no "procedural fencing," there appears no purpose served by having the instant case and the State Action proceeding simultaneously.

In sum, if the Court did have jurisdiction, it would abstain from exercising that jurisdiction.

IV.  <u>CONCLUSION</u>

For the foregoing reasons:

1.   Dan Ryan Builders, Inc.'s Motion to Dismiss [ECF No. 54] is GRANTED.
2.   The case shall be dismissed for lack of jurisdiction.
3.   Judgment shall be entered by separate Order.

SO ORDERED, on <u>Thursday, January 19, 2017</u>.

_____/s/_____<br>
Marvin J. Garbis<br>
United States District Judge
